CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 02, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TIMOTHY W. WRIGHT, JR.,** | )<br>) |
| Plaintiff, | ) Case No. 7:25CV00237<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **VIRGINIA DEPARTMENT OF CORRECTIONS, et al.,** | ) JUDGE JAMES P. JONES<br>)<br>) |
| Defendants. | ) |

*Timothy W. Wright, Jr., Pro Se Plaintiff.*

The plaintiff, a Virginia prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Wright sues the Virginia Department of Corrections (VDOC) and prison officials in their official capacities for injunctive relief under the Americans with Disabilities Act (ADA). Wright filed a pleading titled, "Complaint and Motion for Injunction Relief." Compl., Dkt. No. 1. This same document was separately docketed as a Motion for Preliminary Injunction. Mot. Prelim. Inj., Dkt. No. 3. Having considered the same, I conclude that the Motion for Preliminary Injunction must be denied without prejudice.

A preliminary injunction is an "extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). A party seeking a preliminary

injunction must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.* "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to relief." *Id.* at 22.

Wright asserts that the defendants are aware that he suffers from a number of disabilities, including spinal, gastrointestinal, mental health, and hearing issues, but that they have refused to provide him with requested ADA accommodations. Compl. 12–13, Dkt. No. 1. Importantly, Wright states that the defendants have provided some accommodations, albeit not all accommodations that he has requested. *Id.* at 14. The injunctive relief Wright requests is for this court to enter an order requiring a doctor to review his medical records and the ADA coordinator to provide reasonable accommodations such as a chair, memory foam pillows, a memory foam mattress, a larger flat screen television with closed captioning, headphones, a captioned telephone, a tinnitus sound therapy system, a speaker, a plastic fan, uninhibited access to a toilet, a permanent single cell, and tinted

windows. He further requests that the court order that VDOC expunge a disciplinary offense and amend certain of its policies.

Although the relief requested is injunctive in nature and Wright titled his pleading as a "Complaint and Motion for Injunction Relief," it does not appear that Wright is specifically requesting preliminary intervention by the court. To the extent that he is requesting such intervention at this juncture, Wright does not state facts satisfying the *Winter* test. His pleading simply does not make a clear showing of a likelihood of irreparable harm that would warrant the extraordinary relief offered by a preliminary injunction, particularly where he concedes that he has been provided certain accommodations, and the status quo will not be affected. *See e.g.*, *Reyazuddin v. Montgomery Cnty,* 789 F.3d 407, 415 (4th Cir. 2015) (determining that the ADA does not require that the "exact accommodation" requested be provided).

Therefore, it is **ORDERED** that the Motion for Preliminary Injunction, Dkt. No. 3, is DENIED without prejudice.

      ENTER: March 2, 2026

      /s/  JAMES P. JONES
      Senior United States District Judge